IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

UNITED STATES OF AMERICA FOR THE : Case No. 1:23-cv-10732-JMF
USE AND BENEFIT OF PINNACLE :
ENVIRONMENTAL CORPORATION, :
      Plaintiff, :
  :
v. :
  :
VOLMAR CONSTRUCTION INC. and :
TRAVELERS CASUALTY AND SURETY :
COMPANY OF AMERICA, :
      Defendants. :
  :
------------------------------------------------------------ X
  :
VOLMAR CONSTRUCTION INC., :
      Third-Party Plaintiff, :
  :
v. :
  :
BANK OF AMERICA, N.A. and TRUIST BANK, :
      Third-Party Defendants. :
  :
------------------------------------------------------------ X

## CONFIDENTIALITY STIPULATION AND ORDER

AND NOW, this 31st day of May, 2024, it appearing that discovery in the above-captioned action will involve the disclosure of confidential information, including but not limited to personally identifiable financial information within the meaning of the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 *et seq.*; banking information shielded by statute; information and/or documents that contain trade secrets; competitively sensitive technical, marketing, financial, sales or other confidential business information; information and/or documents that contains private or

confidential personal or financial information; documents that contain information received in confidence from third-parties, and/or information which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure ("Confidential Information"), the parties—i.e., (1) Plaintiff, United States of America for the use and benefit of Pinnacle Environmental Corporation; (2) Defendant Travelers Casualty and Surety Company of America; (3) Defendant/Third-Party Plaintiff, Volmar Construction Inc.; (4) Third-Party Defendant Truist Bank; and (5) Third-Party Defendant Bank of America, N.A. (collectively, the "Parties")—hereby agree as follows:

1. The term "Discovery Material" means all documents and other information produced or disclosed in the course of discovery in the above-captioned action, regardless of the medium or manner generated, stored, maintained, or revealed, and information derived directly therefrom, including, but not limited to, electronically stored information, transcripts of depositions or hearing testimony, responses to interrogatories, responses to requests for admission, or other written responses to discovery. All Discovery Material produced in this action shall be used by the receiving party solely for purposes of the prosecution or defense of this action, and shall not be used by the receiving party for any business, commercial, competitive, personal, or other purpose whatsoever. Discovery Material may not be shared with non-parties for any business, commercial, competitive, personal, or other purpose. And, Discovery Material may only be shared with a non-party under circumstances and for purposed stated herein, provided any non-party fully executes the attached Exhibit A.

2. Any party to this litigation and any non-party, specifically including non-parties subject to subpoena, shall have the right to designate as "Confidential" and subject to this Confidentiality Agreement and Protective Order ("Agreement") any information, document, or

portion of any document that contains information that the producing party believes in good faith to be entitled to protection from further disclosure. Any party to this litigation or any non-party covered by this Agreement that produces or discloses any material that is Confidential, including without limitation any information, document, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend on each page practicable: "CONFIDENTIAL."

3. In addition to the restrictions set forth in Paragraph 1, Confidential Information shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 4(a)-(h) unless and until the restrictions herein are removed either by written agreement of counsel for the parties or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of the Confidential Information, provided that such advice and opinions shall not reveal the content of such material except by prior written agreement of counsel for the parties, or by Order of the Court.

4. Confidential material and the contents of Confidential Information may be disclosed only to the following individuals under the following conditions:

    a. Outside counsel (herein defined as any attorney at a party's outside law firm(s) that is/are counsel of record for that party in this Action);

    b. Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

    c. Secretarial, paralegal, clerical, duplicating and data-processing personnel of the foregoing;

d. The Court and court personnel;

e. Witnesses at deposition or trial, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A With respect to witnesses to whom disclosure is reasonable because counsel for the party intending to disclose the information has a good faith basis for believing such witness (i) sent or received the Confidential material; (ii) is a current employee of the party that produced the Confidential material, or an affiliated company; or (iii) has personal knowledge regarding the creation or use of the specific Discovery Material containing the Confidential material. Witnesses shall not retain a copy of documents containing Confidential material, except that a witness may receive copies of all exhibits marked at that witness's deposition in connection with the witness's review of the transcript, but said witness may not retain, under any circumstances, any Confidential Information or material designate Confidential beyond the need to review their deposition transcript;

f. Other persons only by written consent of the Designating Party or upon order of the Court, and on such conditions as may be agreed or ordered, but such consent shall not be unreasonably withheld;

g. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial, and/or hearings, including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

       h.   The Parties. In this case, "party" shall mean relevant in-house counsel for the parties and executives of the Parties who counsel for the Parties reasonably believes are required to participate in decisions with reference to this lawsuit.

5.    Confidential material shall be used only by individuals permitted access to it under Paragraph 4(a)-(h). Confidential Information, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality in writing, or (b) the Court orders such disclosure.

6.    Nothing in this Agreement shall restrict any party's use, for any purpose, of its own Confidential Information.

7.    With respect to any depositions that involve the disclosure of Confidential Information of a party to this action, the party that produced such Confidential Information shall have until fourteen (14) business days after receipt of the final deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 4(a)-(h) and the deponent during these fourteen (14) days, and no individual attending such a deposition shall disclose the contents of the deposition, and any Confidential Information shared therein, to any individual other than those described in Paragraph 4(a)-(h) during said fourteen (14) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with this Agreement.

8. If counsel for a party receiving documents or information designated as Confidential objects to such designation, in whole or in part, the following procedure shall apply:

   a. Counsel for the objecting party shall serve on the designating party or non-party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection.

   b. Counsel for the designating party or non-party shall respond in writing to such objection within seven (7) business days, and shall state with particularity the grounds for asserting that the document or information is Confidential. If no timely written response is made to the objection, the challenged designation will be deemed to be void.

   c. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

   d. If a dispute as to a Confidential designation of a document or item of information cannot be resolved by agreement, the party challenging the designation shall present the dispute to the Court by motion. At such time, the party claiming Confidential status shall have the burden of establishing the need for such status. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

9. All requests to seal documents filed with the Court shall comply with the Court's directives and rules and the Local Civil Rules. If a party intends to file documents or information designated as Confidential, that party shall give at least five (5) business days' notice to counsel for the producing party to allow the producing party to take steps necessary to protect the

confidentiality of the documents or information. The party wishing to file Confidential Information must move the Court for an Order that the evidence at issue be filed under seal, received in camera, or received under conditions (such as redacting certain information) to prevent unnecessary public disclosure. Before any such motion is filed with the Court, counsel shall confer in good faith in an effort to prevent unnecessary disputes about confidentiality, such as by agreeing to redact such information prior to filing the documents with the Court.

10. Subject to the Federal Rules of Evidence, documents or information designated as Confidential may be offered in evidence at trial or any Court hearing in open Court, provided that the proponent of the evidence gives notice to counsel for the producing party sufficiently in advance of the disclosure, to allow the producing party to take steps necessary to protect the confidentiality of the documents or information. Such notice shall be sufficient if it is provided to the producing party at least five (5) business days in advance of the proposed disclosure and/or as directed by the Court, except in the case of a preliminary injunction or TRO hearing, in which case only one (1) day's notice to the producing party is required. The proffering party must move the Court for an Order that the evidence at issue be received in camera, filed under seal (if an appropriate showing is made, pursuant to Paragraph 9, above), or under conditions to prevent unnecessary public disclosure. Before any such motion is filed with the Court, counsel shall confer in good faith in an effort to prevent unnecessary disputes about confidentiality, such as by agreeing to redact such information prior to offering such evidence in open Court. Nothing in this Agreement shall operate as an admission by any Party that any Confidential documents or information is, or is not, admissible in evidence in these proceedings.

11. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential Information that should have been designated as such, regardless of

whether the information or document was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information or document disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information or document as Confidential under this Agreement.

12. When the inadvertent or mistaken disclosure of any information or document protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party must promptly return or destroy such material, as directed by the producing party. Such inadvertent or mistaken disclosure of such information or document shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

13. No information that is in the public domain shall be deemed or considered to be Confidential under this Agreement.

14. This Agreement shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Agreement is being entered into without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

15.     This Confidentiality shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written motion of the parties filed with the Court.

16.     Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents containing Confidential material or to certify to the producing party that all copies of Confidential Information have been destroyed; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto, and any summaries or digests maintained by counsel, for archival purposes, subject to the provisions of this Agreement. To the extent a party requests the return of Confidential material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

17.     A party that issues a non-party subpoena shall include a copy of this Agreement with the subpoena and state that the parties to the litigation have requested that non-parties produce documents in accordance with this agreement. The provisions of this Agreement shall apply to such discovery from a non-party as if such discovery were being provided by a party to the litigation. The non-party shall have the same rights and obligations under this Agreement as held by the parties.

18.     No act carried out under this Agreement, including designating material as Confidential, shall be construed as an admission or conclusion: (a) that any information, document or the like designated as Confidential is in fact confidential; or (b) with respect to the competency,

relevance, materiality, admissibility, privilege, or immunity of any such information, document or the like.

19. This Agreement may be modified only by written motion to the Court. Nothing contained herein shall preclude any party from seeking an order of the Court modifying or supplementing this Agreement.

The parties, through their respective counsel, expressly agree to the terms of this Agreement and consent to its form and approval.

**AGREED**

Dated: May 23, 2024

MANDEL AKSELROD, P.C.

Daniel Akselrod, Esq.
40 Exchange Pl., Ste. 1203
New York, NY 10005
Telephone: (212) 668-1700
Email: da@vmdalaw.com

*Counsel for Plaintiff*

Dated: May 23, 2024

MCGUIRE WOODS LLP

Malek J. Dunn, Esq.
1251 Avenue of the Americas, 20th Fl.
New York, NY 10020-1104
Telephone: (212) 548-7035
Email: mdunn@mcguirewoods.com

*Counsel for Third-Party Defendant Bank of America, N.A.*

Dated: May 30, 2024

RABINOWITZ & GALINA, ESQS.

Gayle A. Rosen, Esq.
94 Willis Ave.
Mineola, NY 11501
Telephone: (516) 739-8222

*Counsel for Defendant Travelers Casualty and Surety Company of America and also for Defendant/Third-Party Plaintiff, Volmar Construction Inc.*

Dated: May 23, 2024

BALLARD SPAHR LLP

Justin Kerner, Esq.
700 East Gate Drive, Ste. 330
Mount Laurel, NJ 08054-0015
Telephone: (856) 761-3448
Email: kernerj@ballardspahr.com

*Counsel for Third-Party Defendant Truist Bank*

10

Dated: __May 31_____, 2024

APPROVED BY THE COURT:

_____
Hon. JESSE M. FURMAN, U.S.D.J.

This stipulation binds the parties to treat as confidential the documents so classified. This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential. That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents." See generally Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order. See New York ex rel. Khurana v. Spherion Corp., No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

UNITED STATES OF AMERICA FOR THE : Case No. 1:23-cv-10732-JMF
USE AND BENEFIT OF PINNACLE :
ENVIRONMENTAL CORPORATION, :
:
      Plaintiff, :
:
v. :
:
VOLMAR CONSTRUCTION INC. and :
TRAVELERS CASUALTY AND SURETY :
COMPANY OF AMERICA, :
:
      Defendants. :

------------------------------------------------------------ X

VOLMAR CONSTRUCTION INC., :
:
      Third-Party Plaintiff, :
:
v. :
:
BANK OF AMERICA, N.A. and TRUIST BANK, :
:
      Third-Party Defendants. :

------------------------------------------------------------ X

I, _____, being duly sworn, state that:

    1.    My address is _____.

    2.    My present employer is _____ and the address of my present employment is _____.

    3.    My present occupation or job description is _____.

4. I have carefully read and understood the provisions of the Confidentiality Agreement and Protective Order ("Agreement") in this case approved by the Court, and I will comply with all provisions of the Agreement.

5. I will hold in confidence and not disclose to anyone not qualified under the Agreement any Confidential material or any words, summaries, abstracts, or indices of Confidential material disclosed to me.

6. I will limit use of Confidential material disclosed to me solely for purpose of this action.

7. No later than the final conclusion of the case, I will return all Confidential material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____       _____
                                                                 [Signature]


                                                      _____
                                                                [Printed Name]